THE THOMAS P. WAY.

RENTON *v.* THE THOMAS P. WAY.

*(District Court, S. D. New York. July 8, 1886.)*

COLLISION—DAMAGES—PARTIAL LOSS—DUTY TO RAISE SUNKEN VESSEL—DELAY
IN RAISING.

> Where a vessel is sunk by collision, in shallow water, and can be easily raised and repaired at much less expense than she is worth, the owner cannot abandon her, and recover, as for a total loss, against the colliding vessel. He can recover only the cost of raising and repairing within a reasonable time, and cannot add the increased expense that arises through unreasonable delay.

In Admiralty.

*Howard A. Sperry* and *J. A. Hyland,* for libelant.

*Butler, Stillman & Hubbard* and *W. Mynderse,* for claimants.

BROWN, J.   The Ariel, a small yacht, was injured by a collision in the Kills, and sank within the line of the bulk-head.   See 22 Fed. Rep. 739.   On the next day this libel was filed to recover for a total loss.   The referee on damages has reported the yacht to have been worth $500 when sunk.   No efforts were made by the libelant to raise or repair her, though she sank near his place of residence, and could have been raised for a small sum.   Two months afterwards, when the raising was more difficult, she was raised by the pilot commissioners for $65, and taken to Gowanus flats, where she has ever since lain abandoned.   The referee finds that the yacht could have been repaired at the time when she was raised for $350, and has allowed that sum as damages.   Both sides have excepted,—the libelant, because a total loss was not allowed; the claimant, for excessive damages.   The referee further finds that had the boat been raised at once, or within a reasonable time after she was sunk, she could have been repaired for $100 less than it would have taken to repair her at the time when she was raised.   The evidence indicates, and the referee finds, that the failure of the libelant to raise and repair the boat was because he chose to avail himself of the opportunity to dispose of the boat by seeking to recover in this action for a total loss, although she might have been easily raised and repaired.

The supreme court in the case of *The Baltimore,* 8 Wall. 377, 386–388, held explicitly that, under circumstances analogous to the present, where the vessel was sunk, not at sea, but in a river, and in comparatively shallow water, it was the duty of the libelant to make reasonable exertion to save the boat, and to prevent a total loss.   If I were at liberty to disregard the rule there laid down, I should not feel disposed to do so, since the obligation there stated seems to me one of evident justice.   The cases cited by the libelant (*The Falcon,* 19 Wall. 75; *The Columbus,* 3 Wm. Rob. 161) have no reference to

vessels that are sunk in shallow water, and can be raised at slight expense, but only to vessels sunk in deep water, or under other circumstances that afford no reasonable ground to believe that the vessel is worth raising and repairing. Such is not this case. The yacht was worth much more than the cost of raising and repairing. The libelant had no reason to suppose the contrary. He was therefore bound to raise and repair. I see no reason for relieving him from the loss that arose from his failure to discharge that obligation, and for imposing that loss upon the respondents; certainly none in this case, where the referee has found that his neglect to raise the boat was intentional, and was designed to compel the respondents to pay for a total loss, when the injury, and the circumstances of the sunken boat, were not such as legally bound them to do so. The increased injury that happened to the yacht after the lapse of a reasonable time to raise her was not the proximate result of the collision, but of the libelant's neglect to perform his own subsequent duty to raise her, and he must bear that loss. The additional cost to repair, caused by the delay in raising, viz., $100, together with the interest thereon, should therefore be deducted from the amount reported due. In other respects the report is confirmed.